CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 06 2017

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Case No. 5:09-cr-00028 |
| | ) | |
| TIMOTHY WAYNE PAINTER, | ) | By: Michael F. Urbanski |
| | ) | United States District Judge |
| Petitioner. | | |

## MEMORANDUM OPINION

Petitioner Timothy Wayne Painter brings this habeas corpus petition pursuant to 28 U.S.C. § 2255, arguing that his sentence under the Armed Career Criminal Act ("ACCA") is unconstitutional in light of Johnson v. United States, 135 S. Ct. 2551 (2015). ECF No. 199. Specifically, Painter argues that his Virginia assault and battery conviction referenced in paragraph 70 of the Presentence Investigation Report ("PSR"), ECF No. 148, at 16, no longer qualifies as a violent felony under the ACCA, leaving him without three predicate convictions needed to invoke 18 U.S.C. § 924(e)'s 180-month mandatory minimum sentence. The government agrees. ECF No. 208. The court concurs that Painter's ACCA-enhanced sentence is unlawful in light of Johnson. Therefore, the court will **GRANT** Painter's habeas motion and resentence him as set forth below.

I.

Pursuant to a written plea agreement, Painter entered a plea of guilty to three counts of the superseding indictment in this case:

> Count 1: conspiracy to possess with intent to distribute 50
> grams or more of a mixture or substance containing a detectable

amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846;

Count 4: possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and

Count 6: possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).

Following a sentencing hearing, a criminal judgment was entered on March 25, 2010, sentencing Painter to a total of 195 months incarceration—135 months as to Counts 1 and 6, to be served concurrently, and 60 months as to Count 4 to be served consecutively. ECF No. 144.

Because the court determined that Painter had three or more qualified convictions under the ACCA, he was subject to 18 U.S.C. § 924(e)'s mandatory minimum sentence of 180 months on Count 6, rather than the 120-month maximum sentence otherwise authorized under § 924(a)(2). The PSR identifies three qualifying predicate convictions subjecting Painter to the ACCA enhancement: distribution of cocaine (paragraph 59), abduction and breaking and entering with intent to abduct (paragraph 63), assault and battery – 3rd offense (paragraph 70). ECF No. 148. Counts 1 and 6 were grouped together for purposes of the guidelines computation, and the court calculated Painter's sentencing guideline range as 188 to 235 months.

However, Painter received the benefit of a substantial assistance motion pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), which allowed the sentencing court to sentence him below the required statutory minimum sentence otherwise found to apply. ECF No. 128. Accordingly, the court sentenced Painter to 135 months on Count 1 and 135 months

on Count 6 (below the 180-month minimum for Count 6 required under § 924(e)), to run concurrently, and 60 months on Count 4 to run consecutively.

The issue raised in Painter's § 2255 petition is whether, following the decisions of the United States Supreme Court in Johnson v. United States, 135 S. Ct. 2551 (2015), and Welch v. United States, 136 S. Ct. 125 (2016), his ACCA enhancement for his prior conviction for assault and battery remains lawful.

## II.

Under 28 U.S.C. § 2255, a federal inmate may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. Courts may afford relief where "the sentence was imposed in violation of the Constitution or the laws of the United States." Id. § 2255(a). If the court determines the sentence was unlawfully imposed, the court "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." Id. § 2255(b).

A convicted felon found guilty of possessing a firearm faces a maximum sentence of 120 months. 18 U.S.C. § 924(a)(2). However, the ACCA provides for a mandatory minimum sentence of 180 months when a defendant was previously convicted of at least three prior serious drug offenses or violent felonies. Id. § 924(e)(1). A violent felony is defined as:

> Any crime punishable by imprisonment for a term exceeding one year . . . that –
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another.~~

Id. § 924(e)(2)(B) (strikeout added).

3

In 2015, the Supreme Court invalidated the language stricken above after finding it void for vagueness. Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"). Though often parsed into three clauses—the force clause, the enumerated clause, and the residual clause—§ 924(e)(2)(B) is comprised of two numbered subsections. See Begay v. United States, 553 U.S. 137, 142-44 (2008). Specifically, the first subsection states:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or ("Subsection (i)")

18 U.S.C. § 924(e)(2)(B). This first subsection is often referred to as the "force clause." The second subsection states:

> (ii) is burglary, arson, or extortion, involves use of explosives, ~~or otherwise involves conduct that presents a serious potential risk of physical injury to another.~~ ("Subsection (ii)")

Id. Subsection (ii) lists several specific "enumerated offense" crimes—burglary, arson, extortion, and use of explosives—that amount to violent felonies. Subsection (ii) goes on to encompass any crime that "otherwise involves conduct that presents a serious potential risk of injury." This second portion of Subsection (ii)—the part of the statute deemed unconstitutional in Johnson II—is often called the "residual clause."

### III.

Paragraph 70 of the PSR indicates that Painter was convicted of felony assault and battery—third offense in Augusta County Circuit Court. Assault and battery is not an enumerated offense crime listed in Subsection (ii) of § 924(e). Nor does Virginia assault and battery fall within the force clause of Subsection (i). In United States v. Carthorne, 726 F.3d 503, 513-15 (4th Cir. 2013), the Fourth Circuit Court of Appeals held that assault and battery

4

of a police officer in Virginia did not qualify as a crime of violence for purposes of U.S.S.G. § 4B1.2(a)(1). The Carthorne court explained that assault and battery in Virginia did not require the level of force described in Johnson v. United States, 559 U.S. 133 (2010) (holding a Florida battery statute was a not a violent felony under the ACCA). Carthorne, 726 F.3d at 513; see also United States v. Doss, 825 F. Supp. 2d 726, 729-730 (W.D. Va. 2011) (holding that a Virginia conviction for assault and battery of a police officer is not an ACCA predicate under the force clause of U.S.S.G. § 4B1.2(a), but qualifies only under the now defunct residual clause).[1] These cases instruct that Virginia assault and battery is not a crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

This leaves only the residual clause of Subsection (ii) of § 924(e)(2)(B) as a means by which Painter's assault and battery conviction could qualify as an ACCA-enhancing violent felony. As the Supreme Court determined in Johnson II, the residual clause is unconstitutionally vague and no longer a proper basis for an ACCA-enhanced sentence.[2]

Because the Virginia assault and battery conviction referenced in paragraph 70 of the PSR does not qualify as a predicate offense under the ACCA, Painter does not have the three qualifying convictions needed to invoke § 924(e)'s 180-month mandatory minimum. Therefore, his sentence as to Count 6 is unlawful and his habeas petition will be **GRANTED**.

---

[1] The court agrees with counsel that the fact that Painter was charged with assault and battery of a family member rather than a police officer is of no moment, as the intended victim of the crime does not impact the analysis.
[2] The holding of Johnson II was made retroactive in Welch v. United States, 136 S. Ct. 125 (2016).

5

## IV.

Both Painter and the government ask that Painter be resentenced to a total period of incarceration of 139 months, to be comprised of a 79-month sentence on Count 6, a concurrent 79-month sentence on Count 1, and a consecutive 60-month sentence on Count 4. ECF Nos. 199, 208. Because the parties ask the court to resentence Painter on Count 1 (a drug conviction) in addition to Count 6 (the § 922(g) conviction unlawfully enhanced pursuant to § 924(e)), the court held a conference call with counsel on December 15, 2016 to discuss whether § 2255 relief on Count 6 entitled Painter to resentencing on Count 1. Section § 2255(b) of Title 28 states that where a court finds a judgment was entered unlawfully, "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." This statutory language "confers a 'broad and flexible' power to district courts 'to fashion an appropriate remedy.'" United States v. Hillary, 106 F.3d 1170, 1171-72 (4th Cir. 1997) (quoting United States v. Garcia, 956 F.2d 41, 45 (4th Cir. 1992)).

In Hillary, the petitioner collaterally attacked his 18 U.S.C. § 924(c) sentence for using or carrying a firearm during and in relation to a drug trafficking offense based on Bailey v. United States, 516 U.S. 137 (1995). In addition to serving a sentence for a § 924(c) conviction, petitioner Mister T. Hillary was serving a consecutive 78-month sentence for a 21 U.S.C § 841(a)(1) conviction. Hillary, 106 F.3d at 1170. After the sentence on § 924(c) was vacated, the government argued that Hillary should be resentenced on the § 841(a)(1) conviction and the government be allowed to seek an enhancement under U.S.S.G. § 2D1.1(b)(1). Id. at 1170-71. The district court declined to resentence Hillary on the

6

§ 841(a)(1) conviction, "concluding that it lacked jurisdiction to do so." Id. at 1171. The Fourth Circuit disagreed, concluding that § 2255 relief allowed the court to reach the § 841(a)(1) sentence. Id. at 1171-73. The Third Circuit Court of Appeals reached a similar conclusion in United States v. Davis, 112 F.3d 118, 120-23 (3d Cir. 1997) ("Based on the facts of this case, in which the petitioner collaterally attacks only one of his multiple convictions, which are interdependent for sentencing purposes, we find that the district court did not err in asserting jurisdiction to recalculate the aggregate sentence.").

Both Davis and Hillary involved consecutive sentences. This distinction does not render these cases inapplicable to the present case involving the concurrent sentences of Counts 1 and 6, however. As Davis explains, "the interdependence of the vacated § 924(c) conviction and the remaining drug offenses suggests that resentencing on all counts is the only result consistent with the punishment prescribed by the law." 112 F.3d at 121. Just as in Davis and Hillary, the § 922(g) and § 841(a)(1) convictions in Painter's judgment were interdependent. Counts 1 and 6 were grouped together for purposes of calculating Painter's guideline range, and Painter's total offense level was elevated from a level 27 to a level 31 as a result of the ACCA designation. Thus, the ACCA enhancement increased the guideline range for *both* the drug conviction and the § 922(g) conviction.[3]

As Counts 1 and 6 are interdependent, the appropriate remedy under 28 U.S.C. § 2255 requires that the court resentence Painter on both the § 841(a)(1) and § 922(g) convictions.

---

[3] Painter's ACCA designation did not affect the sentence he received on Count 4, a conviction under 18 U.S.C. § 924(c), which carries a mandatory minimum of 5 years that must run consecutively to any other term of imprisonment imposed.

7

## V.

As previously noted, Painter and the government have agreed that Painter should be resentenced to a total term of 139 months, consisting of 79 months on Counts 1 and 6, to run concurrently, and 60 months on Count 4, to run consecutively. This 79-month figure is derived as follows. Painter was held accountable for 499 grams of methamphetamine, which is now an offense level 28. U.S.S.G. § 2D1.1(c)(6). Subtracting three points for acceptance of responsibility yields a total offense level of 25. Application of Painter's criminal history category of VI results in a guideline range of 110-137 months. Painter's prior sentence was reduced for substantial assistance from a guideline range of 188-235 months to 135 months. Applying a commensurate reduction to Painter's new guideline range results in a reduced sentence for Counts 1 and 6 of 79 months. Painter's consecutive sentence of 60 months for Count 4 remains unchanged.

## VI.

Accordingly, the court will **GRANT** Painter's 28 U.S.C. § 2255 motion (ECF No. 199) and resentence him to a total period of incarceration of 139 months, comprised of 79 months on Count 1 and 79 months on Count 6 to run concurrently, and 60 months on Count 4 to run consecutively. The court finds the 139-month sentence proposed by the parties is sufficient, but not greater than necessary, and accounts for the sentencing factors the court must consider pursuant to 18 U.S.C. § 3553(a).

Painter has waived any right to be resentenced in person and has consented to being resentenced in his absence. As no victims wish to attend Painter's resentencing and no

motion will be made to amend the conditions of supervised release (according to the representation of the parties), the court will not hold a resentencing hearing.

An appropriate Order and amended judgment will be entered.

Entered: 1-6-2017

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge